DRAINAGE COMMISSIONERS v. CHARLES BRINN, TREASURER, ET AL.

(Filed 9 November, 1921.)

**Drainage Districts—County Treasurer—Commissions—Bonds.**

> The claim of the treasurer of the county for commissions derived from assessments in Mattamuskeet Drainage District is not allowed on this appeal, under the decision of *Comrs. v. Credle, ante,* 442, which also covers the question as to commissions on the receipt and disbursement of canal tolls by him.

APPEAL by plaintiff from *Bond, J.,* at chambers, 2 July, 1921, from BEAUFORT.

This is a controversy between the board of drainage commissioners of Mattamuskeet District in Hyde County and Charles Brinn, treasurer of Hyde County prior to the first Monday in December, 1916, and S. S. Mann, receiver; submitted without action upon agreed facts.

It is admitted that plaintiff is a duly constituted drainage corporation, created under the general drainage law, ch. 442, Public Laws of North Carolina, Session of 1909, and that prior to the first Monday in December, 1916, defendant Brinn was treasurer of Hyde County.

The only questions for the Court's consideration are:

1. Was defendant, as treasurer of Hyde County, entitled to commissions of one-half of one per cent for receiving $84,970.03, derived from assessments levied in Mattamuskeet Drainage District for payment of bonds issued for construction work?

2. Was defendant, as treasurer of Hyde County, entitled to commissions of one-half of one per cent for receiving $14,997.14, derived from assessments levied in said district for maintenance, and commissions of two and one-half per cent for disbursing $8,666.84 of such maintenance assessments?

3. Was defendant, as treasurer of Hyde County, entitled to commissions of one-half of one per cent for receiving and commissions of two and one-half per cent for disbursing $305.43 of canal tolls collected, in said district.

The plaintiff board of drainage commissioners contends that the defendant treasurer was not entitled to such commissions. The defendant treasurer contends that he was thereto entitled.

The court below held with defendant, and plaintiff appealed.

*Spencer & Spencer and Small, MacLean, Bragaw & Rodman for plaintiff.*

*Mann & Mann and Daniel & Carter for defendant.*

WALKER, J., after stating the facts: It will be perceived on a perusal of this case that it is not substantially unlike *Drainage Com. v. Credle,*

CAUBLE v. EXPRESS CO.

*ante,* 442. The questions involved are the same, except as to the canal tolls, and that one is fully covered by what is said in the opinion filed in *Credle's case.* This being so, it is unnecessary to discuss the ·matter further, as it would be a mere repetition of what has already been said in that case.

It would serve no useful purpose to go over in detail the excellent briefs filed by the counsel in these cases, as what we have said in the opinions filed by us at this term in the above case and *Comrs. v. Davis,* *ante,* 140, covers fully the entire ground of inquiry and investigation.

The judgment is therefore reversed, as the defendant is not entitled to the commissions or compensation he claims, and it will be so certified.

Reversed.